THE SINCERITY COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DUNCAN DAUGHERTY, Defendant in Error.)

*Opinion filed February 18, 1926.*

WORKMEN'S COMPENSATION—*when award for injury to eye is not supported by evidence.* An award for an injury alleged to have resulted in the loss of one-third of the use of an eye cannot be sustained where the weight of the evidence, including the testimony of physicians, shows that the loss of vision is not due to any injury but to optic atrophy, caused by focal infection or a systemic condition of long standing.

DUNCAN and HEARD, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

E. M. SPILLER, (GEORGE C. HICKOX, of counsel,) for plaintiff in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Williamson county confirming an award of the Industrial Commission in favor of defendant in error for an injury held to have resulted in the loss of one-third of the use of his left eye.

The sole question in this case is one of fact. Defendant in error contends that the loss of vision in his left eye is due to an injury received in the mine of plaintiff in error December 6, 1921, while plaintiff in error contends that the loss of vision is due to optic atrophy, caused by focal infection or a systemic condition. Defendant in error is sixty-two years old. He testified that while he was cutting coal with his pick a piece of coal struck him on the lower

eyelid; that his eye became sore and he went to Dr. Carl Baker; that he treated him for a few days and then sent him to Dr. O. F. Shipman; that he had been fitted with glasses about twenty years before and had not had his eyes examined from that time until the time of the injury. He testified that he could read the newspaper before he was injured and that he has not been able to read as well since then. Dr. Baker, a physician of general practice at Herrin, testified that he examined Daugherty's left eye December 8 and found no evidence of injury. His examination showed conjunctivitis. He kept the eye under observation and for six days placed an ointment in it. He then sent the patient to Dr. Shipman, who is a specialist in diseases of the eye. The latter made a thorough examination of Daugherty's eyes and found no evidence of trauma. He found a vision of 20-25 in the right eye and 20-200 plus in the left eye. He could find nothing the matter with the left eye excepting optic atrophy. Because Daugherty complained that he had suffered an injury to his eye by a piece of coal striking the lower lid on the outside he directed him to apply hot applications to the eye for ten days and then report to him again. January 2 he made a second thorough examination and found conditions continuous. Both doctors state that the loss of vision in the left eye was of long standing and that it was in no way caused by the injury received in December.

The finding of the Industrial Commission is manifestly against the weight of the evidence, and the error of the circuit court in confirming it requires that the judgment be reversed and the award set aside.

*Judgment reversed and award set aside.*

DUNCAN and HEARD, JJ., dissenting:

The evidence in this case was conflicting. The judgment was reversed because the award was manifestly against the weight of the evidence. It does not conclusively appear

that upon another hearing the claimant would not be able to produce additional evidence in his favor. In our judgment the cause should have been remanded and claimant given an opportunity to produce additional evidence, if he could do so.